# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEFENDERS OF WILDLIFE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0254-WS-C |
| | ) |
| **MINERALS MANAGEMENT** | ) |
| **SERVICE,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Motion for Leave to Intervene as Defendants (doc. 16) filed by putative intervenors the American Petroleum Institute, the Independent Petroleum Association of America, the U.S. Oil & Gas Association, and the International Association of Drilling Contractors (collectively, the "Associations"). Also pending is plaintiff's Motion for Leave to File Second Amended Complaint (doc. 29). Both motions are unopposed.

**I.  Motion to Intervene.**

Plaintiff, Defenders of Wildlife, brought this action against various governmental defendants, specifically the Minerals Management Service ("MMS"), the U.S. Department of the Interior, and Ken Salazar in his official capacity as Secretary of the Department of the Interior. In the First Amended Complaint, plaintiff challenges MMS's practice of granting "categorical exclusions" from National Environmental Policy Act ("NEPA") review to exploratory drilling operations for oil and gas leases in the Gulf of Mexico.[1] According to the First Amended Complaint, plaintiff seeks (i) a declaration that defendants acted arbitrarily, capriciously and in

---

[1] NEPA generally requires federal agencies to prepare environmental impact statements ("EIS") for "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C). However, an agency may apply a "categorical exclusion" to the EIS requirement where "a category of actions … do not individually or cumulatively have a significant effect on the human environment." 40 C.F.R. § 1508.4.

violation of NEPA by granting categorical exclusions to exploratory wells and drilling operations authorized since April 20, 2010; (ii) a declaration that MMS's handbook authorizing categorical exclusions for exploratory wells and drilling operations is arbitrary, capricious, and contrary to law; (iii) vacatur and remand of all categorical exclusions granted for exploratory wells and drilling operations since April 20, 2010; (iv) an injunction barring MMS from issuing further categorical exclusions for exploratory wells and drilling operations in the Gulf of Mexico; and (v) vacatur and remand of certain oil and gas lease sales and injunction of current and future lease sales until a Supplemental Environmental Impact Statement has been prepared.

The Associations now seek leave to intervene in this action as defendants pursuant to Rule 24, Fed.R.Civ.P. As grounds for their request, the Associations offer evidence that they are heavily engaged in exploration for and development of oil and gas resources in the Gulf of Mexico, and that their interests would be directly impacted by the relief requested by Defenders of Wildlife. In particular, the Associations indicate that many of the challenged drilling plans are those of the Associations' members or are for drilling operations to be conducted by their members, and that many of the challenged bids for new leases were made by their members or were to be operated by their members.

The Associations' request to intervene is governed by Rule 24, Fed.R.Civ.P. "Rule 24 provides two avenues for a nonparty to intervene in a lawsuit; intervention as of right and intervention with permission of the court." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006); *see also Ciba Specialty Chemicals Corp. v. Tenesaw Land and Timber Co.*, 233 F.R.D. 622 (S.D. Ala. 2005) (considering and applying both intervention as of right and permissive intervention principles). To intervene as of right pursuant to Rule 24(a), a party "must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (*citing Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1250 (11th Cir. 2002)).[2]

---

[2] A Rule 24(a) motion must also be "timely." Here, there can be no reasonable argument that the Associations' Motion is untimely, given that it was filed barely a month after the inception of the lawsuit, and prior to the filing of any answer or other responsive pleadings (Continued)

Upon careful review of the Associations' Motion, and noting the lack of any opposition by existing parties, the Court readily concludes that all of the Rule 24(a) prerequisites for intervention as of right are satisfied here. The relief sought by Defenders of Wildlife would directly and profoundly impact the Associations, the Associations' activities in the Gulf of Mexico, and the viability of lease bids and permit approvals as to those Associations, essentially taking away drilling rights that MMS has already granted to the Associations' members; therefore, it is quite clear that the Associations' "interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgia*, 302 F.3d at 1249. Likewise, if the requested relief were granted to Defenders of Wildlife, the Associations' ability to protect their interest as described above would undoubtedly be impaired. *See id.* at 1258 ("Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply the practical disadvantage which warrants intervention as of right.") (citation omitted). Finally, based on the non-identical (and potentially divergent) goals and objectives of the governmental defendants and the Associations, the Court finds that the Associations have met their "minimal" burden of showing that the existing parties cannot adequately represent their interest. *Id.* at 1255-56 (citation omitted).

For all of the foregoing reasons, the Associations' Motion to Intervene (doc. 16) is **granted** as of right, pursuant to Rule 24(a)(1), Fed.R.Civ.P.[3]

---

by the named defendants. In no way, shape or form have any of the existing parties been prejudiced by the lapse of time preceding the Associations' filing of their Rule 24 motion.

[3] Alternatively, the Court finds that the Associations are properly allowed to intervene here on a permissive intervention theory. Under Rule 24(b), district courts have discretion to grant permission to intervene "when [the] applicant's claim or defense and the main action have a question of law or fact in common." *Bayshore Ford*, 471 F.3d at 1246 (citation omitted); *see also Mt. Hawley*, 425 F.3d at 1312 ("Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties.") (citing *Georgia*, 302 F.3d at 1250). The Associations' defenses to Defenders of Wildlife's requests for declaratory and injunctive relief share numerous common questions of law or fact with issues already joined in this litigation, and there is no reason to believe that the Associations' participation will delay or prejudice the adjudication of any other party's rights.

## II. Motion to Amend Complaint.

Also pending is plaintiff's Motion for Leave to File Second Amended Complaint (doc. 29). According to Defenders of Wildlife, the purpose of the amendment is to update various factual statements regarding the Deepwater Horizon oil spill and its aftermath, and to include certain claims for violation of the Endangered Species Act, which claims were subject to a 60-day notice period that plaintiff has now fulfilled.

Plaintiff's request to amend its Complaint is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides in pertinent part that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. Courts have recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). As a general proposition, "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (similar). That said, leave to amend can properly be denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted). None of those circumstances appear to be present here.

Both the named defendants and the Associations have indicated that they do not oppose the proposed amendment. (Doc. 29, at 2; doc. 30.) In light of the other parties' non-opposition, the absence of any conceivable prejudice or delay flowing from that amendment, and the mandate of Rule 15(a), Fed.R.Civ.P., that leave to amend shall be freely given when justice so requires, the Court **grants** the Motion for Leave to File Amended Complaint.

## III. Conclusion.

For all of the following reasons, it is **ordered** as follows:

1. The Motion for Leave to Intervene (doc. 16) is **granted**. The American Petroleum Institute, the Independent Petroleum Association of America, the U.S. Oil & Gas Association, and the International Association of Drilling Contractors are all granted leave to intervene herein as defendants pursuant to Rule 24, subject

to the restriction that they are **ordered** to file consolidated briefing in this matter, rather than each Association filing separately;

2. The intervenors' Motion for Expedited Review (doc. 17) is **moot**;

3. Plaintiff's Motion for Leave to File Second Amended Complaint (doc. 29) is **granted**; and

4. Pursuant to Section II.A.6. of this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by Electronic Means, plaintiff is **ordered**, on or before **August 16, 2010**, to file its Second Amended Complaint as a freestanding document in substantially the form appended to its motion as an exhibit. Similarly, the intervenors are **ordered**, on or before **August 16, 2010**, to file their answer as a freestanding document in substantially the form appended to their motion as an exhibit.

DONE and ORDERED this 9th day of August, 2010.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE