# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEFENDERS OF WILDLIFE,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 10-0254-WS-C |
| ) | |
| **BUREAU OF OCEAN ENERGY** ) | |
| **MANAGEMENT, REGULATION, AND** ) | |
| **ENFORCEMENT,** *et al.*, ) | |
| Defendants, ) | |
| ) | |
| **AMERICAN PETROLEUM INSTITUTE,** ) | |
| *et al.*, ) | |
| Intervenor-Defendants. ) | |

## ORDER

This matter comes before the Court on the Unopposed Motion of Anadarko E&P Company LP for Leave to Intervene as a Defendant (doc. 84).

Plaintiff, Defenders of Wildlife, brought this action against a collection of federal agencies and officials (collectively, the "Federal Defendants") regarding their administration of oil and gas leasing operations in the Gulf of Mexico following the Deepwater Horizon oil spill in April 2010. Specifically, plaintiff contends that, by continuing to accept lease bids after the spill, those defendants failed adequately to consider new information gleaned from the Deepwater Horizon explosion, and administered the oil and gas leasing program in a manner violative of the National Environmental Policy Act, the Endangered Species Act, and the Administrative Procedure Act. As presently configured, plaintiff's claims rest in large part on its contention that the Bureau of Ocean Energy Management, Regulation, and Enforcement violated statutory duties by accepting bids for Lease Sale 213 after the oil spill without waiting for a supplemental Environmental Impact Statement to be prepared and without ensuring that its actions were not likely to jeopardize the continued existence of any listed species under the ESA.

What began as essentially a two-party dispute between the Defenders of Wildlife and the Federal Defendants has mushroomed during the pendency of this litigation, with the addition of multiple intervenor-defendants, to-wit: the American Petroleum Institute, the Independent

Petroleum Association of America, the U.S. Oil & Gas Association, and the International Association of Drilling Contractors (collectively, the "Association Intervenors"), as well as Chevron U.S.A., Inc. ("Chevron"). The relevant legal standard for intervention, and application of same to those entities, were set forth in Orders entered on August 9, 2010 and December 9, 2010. (*See* docs. 31, 67.)

Following disposition of a flurry of overlapping Rule 12 Motions filed separately by the Federal Defendants, the Association Intervenors and Chevron, a Scheduling Order (doc. 83) was entered on June 2, 2011 prescribing deadlines for filing the administrative record, requesting leave to submit extra-record materials, filing/briefing motions for summary judgment, and so on.

The next day, Anadarko E&P Company LP ("Anadarko") filed its Motion for Leave to Intervene as a Defendant, essentially following the Rule 24(a)(2) intervention-of-right trail that the Association Intervenors and Chevron had previously blazed. On its face, the Motion for Leave to Intervene reflects that no party affirmatively objects to or opposes Anadarko's request. Indeed, the Motion specifies that plaintiff and the Federal Defendants "take no position" on Anadarko's Motion, that the Association Intervenors "consent to the Motion," and that Chevron "does not oppose the Motion." (Doc. 84, at 2.) In light of these representations, it is unnecessary to enter a briefing schedule to afford all other parties an opportunity to be heard on Anadarko's Rule 24 Motion. That Motion is now ripe.

As the Court has previously noted in this case, to intervene as of right pursuant to Rule 24(a), a prospective party "must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (*citing Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1250 (11th Cir. 2002)). It cannot seriously be disputed that Anadarko has a *bona fide* interest in the subject matter of the suit; indeed, Anadarko's unchallenged evidence shows that BOEMRE accepted its bids for some 38 blocks in Lease Sale 213 after April 20, 2010. (Hollek Decl. (doc. 84-1), ¶ 7.) What this means is that Defenders of Wildlife is attempting in this action to invalidate or overturn more than three dozen leases that BOEMRE awarded to Anadarko pursuant to Lease Sale 213 following the Deepwater Horizon oil spill. That circumstance vividly demonstrates that Anadarko's interest in the subject matter of this litigation "is direct, substantial, and legally protectable." *Georgia*, 302 F.3d at 1249. Moreover,

if plaintiff were to prevail on its request for vacatur of post-Deepwater Horizon leases in Lease Sale 213, then Anadarko's ability to protect this interest in other litigation would obviously be impaired, and perhaps irreparably so. *See id.* at 1258 ("Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply the practical disadvantage which warrants intervention as of right.") (citation omitted).

Rule 24(a) also requires that a motion to intervene be "timely" filed. It is evident that Anadarko's Rule 24 Motion is timely. After all, this action remains in its relatively early stages, no existing party would reasonably incur prejudice if Anadarko were permitted to intervene at this time, and resolution of this action would not be unreasonably delayed by such intervention.

The only remaining question for intervention of right pursuant to Rule 24(a) is whether Anadarko has shown that "existing parties in the suit cannot adequately protect [its] interest." *Mt. Hawley*, 425 F.3d at 1311. In this Circuit, a putative intervenor need make only a "minimal" showing on this prong, which may be satisfied by proof that the current parties "may be inadequate" to protect its interests. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) ("Interveners need only show that the current plaintiff's representation may be inadequate … and the burden for making such a showing is minimal.") (citation and internal quotation marks omitted); *Georgia*, 302 F.3d at 1255 ("The proposed intervenor has the burden of showing that the existing parties cannot adequately represent its interest, but this burden is treated as minimal.") (citations and internal quotation marks omitted).

Anadarko has persuasively argued that it can satisfy this modest burden, as follows: (i) the Federal Defendants may not protect Anadarko because their interest lies in managing a scarce resource, not in maximizing a particular private entity's economic benefit from utilization of that resource; (ii) the Association Intervenors may not represent Anadarko's interests because various members of those industry trade associations have agendas and objectives that are distinct from Anadarko's;[1] and (iii) intervenor Chevron may not adequately represent Anadarko's interests

---

[1] As this Court has previously written in the context of Chevron's motion to intervene, "Chevron has a much more narrowly focused, direct and specific interest in this controversy than the broader and more general industry-wide concerns that may animate the Associations' intervention and endgame strategies. … On this record, it is not difficult to conceive of an array of scenarios … in which Chevron's interests may diverge from, or
(Continued)

because Chevron does not hold the same leases from Lease Sale 213 that Anadarko does, lease-by-lease review may become necessary in this case, and Chevron cannot be expected to aid an economic competitor by advocating in favor of upholding Anadarko's leases. On this record, and under these circumstances, the Court concurs with Anadarko's contention that the current parties may be inadequate to protect its interests, such that intervention under Rule 24(a) is appropriate.

In light of the foregoing considerations, Anadarko's Unopposed Motion for Leave to Intervene (doc. 84) as an intervenor-defendant is **granted** as of right, pursuant to Rule 24(a), Fed.R.Civ.P. Nonetheless, a caveat is in order. In its Motion, Anadarko represents that it "will coordinate with the other intervenors to avoid duplicative filings and briefings on common issues." (Doc. 84, at 13.) Other intervenors that have made similar assurances may not have adhered strictly to them after being allowed to intervene.[2] It is imperative that Anadarko and the other intervenors take this coordination obligation seriously. This Court will not permit each intervenor to file a parade of redundant or substantially overlapping materials, thereby obligating other litigants and the Court to wade through reams of substantively identical arguments in search of any party-specific nuances. Accordingly, Anadarko is **ordered** to work together in good faith with the other intervenors and with the Federal Defendants -- to the extent reasonably possible -- to coordinate and consolidate their motions, briefs, and so on, to avoid unnecessary duplication and maximize the efficiency of these proceedings for all concerned.

---

otherwise not align fully with, those of the Associations, who may be more concerned with shallow-water drilling and industry-wide impacts, and less concerned with Chevron's specific financial interests in the specific deepwater leases whose continued viability and utility are threatened by Defenders of Wildlife's claims." (Doc. 67, at 5.) These observations hold equally true with respect to Anadarko's interests, and the potential for those interests to diverge from those of the Association Intervenors.

[2]   For example, the May 23 Order observed as follows: "[M]uch of Chevron's Motion to Dismiss reads as a 'me too' motion that reiterates (without materially elaborating on or extending) arguments previously developed in the other Rule 12(b) motions. Chevron must redouble its efforts to avoid unnecessary multiplication of filings and duplication of arguments as this case moves forward." (Doc. 81, at 27-28 n.38.)

Anadarko is **ordered**, on or before **June 29, 2011**, to file as a freestanding pleading the proposed answer found as an Exhibit to its Motion.  (*See* doc. 84-5.)

DONE and ORDERED this 22nd day of June, 2011.

s/ WILLIAM H. STEELE                    
CHIEF UNITED STATES DISTRICT JUDGE
