**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEFENDERS OF WILDLIFE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 10-0254-WS-C** |
| | ) | |
| **BUREAU OF OCEAN ENERGY** | ) | |
| **MANAGEMENT, REGULATION, AND** | ) | |
| **ENFORCEMENT,** *et al.*, | ) | |
| **Defendants,** | ) | |
| | ) | |
| **AMERICAN PETROLEUM INSTITUTE,** | ) | |
| *et al.*, | ) | |
| **Intervenor-Defendants.** | ) | |

**ORDER**

This matter comes before the Court on the Unopposed Motion of Apache Corporation for Leave to Intervene as a Defendant (doc. 102).[1]

It is, by now, well established that this action was brought by plaintiff, Defenders of Wildlife, against various federal agencies and officials (including, most notably, the Bureau of Ocean Energy Management, Regulation, and Enforcement ("BOEMRE")) concerning federal administration of oil and gas leasing operations in the Gulf of Mexico in the wake of the Deepwater Horizon oil spill.  Among other things, Defenders of Wildlife is seeking to overturn or invalidate certain leases awarded by BOEMRE after that spill.

Not surprisingly, various leaseholders have successfully petitioned this Court to intervene in this action as party defendants pursuant to Rule 24(a), Fed.R.Civ.P., based on their undeniable interest in these proceedings and the uncertainty that any existing defendants can or will

---

[1]       Also before the Court is a document styled "Apache Deepwater LLC's Answer to Third Amended Complaint" (doc. 101).  Apache filed that Answer not as a proposed pleading appended to its Motion as an exhibit, but as an actual, original responsive pleading.  This is improper on its face, given that Apache filed its Answer without having been granted leave to intervene.  Accordingly, Apache's Answer to Third Amended Complaint (doc. 101) is **stricken** as having been improperly filed without leave of court.

adequately address those other stakeholders' interests.  The Court has written at some length to the intervention issue in this case on no fewer than three occasions.  (*See* docs. 31, 67, 95.)[2]

Now, yet another interested entity, Apache Deepwater, LLC, seeks leave to intervene in this action as a party defendant pursuant to Rule 24(a), Fed.R.Civ.P.  As grounds for its Motion to Intervene, Apache asserts that it owns some 40 deepwater leases and that those leases are among the transactions and property that Defenders of Wildlife is challenging in this litigation.  Apache further states that neither Defenders of Wildlife nor the federal defendants have taken any position on the Motion, and that all of the existing intervenors do not oppose it.

Upon careful review of the Motion, the undersigned finds that Apache's request for intervention is indistinguishable from those previously considered and granted in this action.  Like the other intervenors, Apache has a direct, substantial and legally protectable interest in the subject matter of this litigation, which interest would be impaired if Defenders of Wildlife were to prevail on the merits.  *See, e.g., Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1249, 1258 (11th Cir. 2002) (intervention of right is appropriate where putative intervenor's interest in subject matter of suit "is direct, substantial, and legally protectable" and where party "claims an interest in the very property and very transaction that is the subject of the main action," such that "the potential *stare decisis* effect may supply the practical disadvantage which warrants intervention as of right.") (citation omitted).  Like the other intervenors, Apache has met its "minimal" burden of showing that existing parties may be inadequate to protect its interest.  *See id.* at 1255 ("The proposed intervenor has the burden of showing that the existing parties cannot adequately represent its interest, but this burden is treated as minimal.") (citations

---

[2]     In the first such Order (doc. 31), entered on August 9, 2010, the undersigned granted leave to intervene to various industry trade groups, including the American Petroleum Institute, the Independent Petroleum Association of America, the U.S. Oil & Gas Association, and the International Association of Drilling Contractors.  In the second Order (doc. 67), entered on December 9, 2010, the undersigned similarly granted leave to intervene to Chevron U.S.A., Inc., based on Chevron's showing that it had been awarded dozens of leases that are the subject of Defenders of Wildlife's legal challenge herein and that the industry trade associations that had previously intervened might not adequately represent Chevron's interests in this action.  The third Order (doc. 95) reached similar conclusions in allowing Anadarko E&P Company LP to intervene, where Anadarko's bids on dozens of affected leases had been accepted by BOEMRE and there may not be identity of interests among Anadarko and the other defendants and intervenor-defendants.

and internal quotation marks omitted).  In that regard, Apache persuasively argues that (i) the federal defendants cannot be expected to safeguard Apache's interests in this action because they are tasked with advancing the interests of the general public rather than specific stakeholders, (ii) the trade association intervenors may not protect Apache's interests because they are looking out for an entire industry rather than a particular member of same, and (iii) Chevron and Anadarko may not protect Apache's interests because they hold different leases and are economic competitors of Apache.

The Court further agrees that Apache's request for intervention is timely for purposes of Rule 24(a).  Although this action commenced well over a year before Apache filed its Rule 24 Motion, this case remains in its relatively early stages.  Apache has represented that it will make any requests for supplementation of the administrative record "swiftly," and that it will abide by all deadlines in the Rule 16(b) Scheduling Order.  On the record before the Court, there is no reason to believe that any existing party would suffer unfair prejudice, or that resolution of this action would be unreasonably delayed, if Apache were permitted to intervene at this time.

In light of these considerations, and also for the reasons discussed in the three previous Orders of this Court granting other interested entities' requests to intervene in this matter, Apache's Unopposed Motion for Leave to Intervene (doc. 102) as an intervenor-defendant is **granted** as of right, pursuant to Rule 24(a), Fed.R.Civ.P.

As the Court has cautioned all of the other intervenors, however, Apache must exercise its rights with care to avoid repetitious filings that merely repeat or rephrase arguments that others have already articulated.  In its Motion, Apache writes that, "[t]o the extent possible, Apache will coordinate with the other intervenors to avoid duplicative filings and briefings on common issues."  (Doc. 102, at 9.)  The Court expects as much.  Accordingly, Apache is **ordered** to work together in good faith with the other intervenors and with the Federal Defendants -- to the extent reasonably possible -- to coordinate and consolidate their motions, briefs, and so on, to avoid unnecessary duplication and maximize the efficiency of these proceedings for all concerned.

Its Motion to Intervene having now been granted, Apache is **ordered**, on or before **October 4, 2011,** to file as a freestanding pleading the proposed answer that it submitted previously.

DONE and ORDERED this 26th day of September, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE